In the Matter of Max A. MOGUL, Debtor.

Bankruptcy No. 81–2173.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Feb. 12, 1982.

Irving Gussow, Longwood, Fla., for debtor.

Davisson F. Dunlap, Orlando, Fla., for Trust Co. of N. J.

John Rodgers Camp, Miami, Fla., for FDIC.

ORDER ON MOTION TO DISMISS OR CONVERT CHAPTER 11 TO CHAPTER 7; ORDER ON MOTION TO TRANSFER TO ORLANDO DIVISION; and ORDER ON MOTION TO REQUIRE WITNESS TO ANSWER AND RESPOND TO QUESTIONS PROPOSED AT 205(a) EXAMINATION

ALEXANDER PASKAY, Chief Judge.

THIS IS a business reorganization case filed by Max A. Mogul who seeks relief under Chapter 11 of the Bankruptcy Code. The petition for relief was filed on December 17, 1981 and the Statement of Affairs accompanying the petition indicate that the Debtor is a real estate broker and developer.

The Schedule of Liabilities reveal that he is indebted to Lomas & Nettleton in the amount of $19,000, which obligation is secured by a mortgage on his residence, located at 861 Morse Blvd., Winter Park, Florida. Winter Park is in the Orlando Division of the Middle District of Florida, but in spite of this fact, the petition was filed in the Tampa Division. It further appears that the homestead encumbered by this mortgage is claimed by this Debtor as exempt, although not on the Schedules filed with the Petition. The file does not contain Schedule B–4. It further appears that the Debtor was previously involved in a bankruptcy proceeding as a voluntary debtor having filed in Jacksonville Division of Middle District of Florida, a case under Chapter XII of the Bankruptcy Act of 1898, and styled as *In re Max Mogul, as Trustee.*

The schedule of unsecured liabilities lists two creditors holding a judgment: the Trust Company of New Jersey in the amount of $500,000 and the Federal Deposit Insurance Corporation (FDIC) in the amount of $300,000. The Trust Company of New Jersey promptly moved after the commencement of the case for leave to conduct an examination of the Debtor, pursuant to Bankruptcy Rule 205(a). The application

was granted by an order entered on December 21, 1981. FDIC also moved for leave to conduct an examination and said application was also granted by an order entered January 7, 1982.

The matters under consideration are a Motion to Dismiss or Convert the Chapter 11 proceeding into a Chapter 7 case; a Motion to Transfer the Proceeding to the Orlando Division; and a Motion to Require Witness to Answer and Respond to Questions Proposed at 205(a) Examination, all filed by Trust Company of New Jersey.

■ The Court heard argument of counsel on the Motion to Dismiss or Convert, considered the record and is of the opinion that this proceeding was not instituted by the Debtor in good faith, but solely for the purpose of gaining additional time and to forestall these two creditors from pursuing assets which are allegedly concealed or have been transferred by the Debtor in order to thwart and frustrate these creditors from collecting the debts owed to them by the Debtor. This conclusion is based on the following uncontested facts as they appear from the record.

The Debtor is not engaged in any business of any sort of any kind. It appears from the uncontradicted testimony given by the Debtor at the § 341 meeting, which testimony is offered and admitted in evidence, that the Debtor has no employees, he is not gainfully employed and has no independent income and allegedly lives on the income of his spouse and an income derived from a certain, yet to be identified, trust of his children. As noted earlier, the Debtor has no debts of any consequence or complexity which need reorganization. It is without dispute that the mortgage on the home of the Debtor is not intended to be dealt with by the Debtor and whatever plan he might propose would be solely directed to the two unsecured judgment creditors. This is the basic undisputed factual backdrop which furnishes the platform on which this Court is called upon to build a legally sound, fair and equitable resolution of the matters under consideration.

Concededly, unlike the pre-Code Chapter X, the Code does not expressly require that the petition be filed in good faith. Neither does the Code require an approval of a petition after showing by the petitioner that the petition has been filed in good faith. One of the requirements of good faith under the pre-Code laws was a showing that the plan is reasonably possible or there is a prima facie possibility that a successful reorganization can be effected. *In re Plaza Towers, Inc.,* 294 F.Supp. 714 (E.D.La.1967); *In re Carousel Ltd. Partnership,* 3 BCD 737 (N.D.Ga.1977).

Moreover, the likelihood that these two unsecured judgment creditors would accept any plan proposed by this Debtor is very unlikely if not nonexistent. While this fact alone at this stage of the proceeding would not necessarily compel a dismissal, 6 *Collier on Bankruptcy,* ¶ 6.09 at 1066 (14th ed. 1980) (opposition by creditor does not warrant a dismissal or conversion of a Chapter X case), and prevent the retention of an otherwise viable business reorganization case, it is clear from the totality of the circumstances of this case that this clearly is not the type of case for which Congress meant to enact a scheme of rehabilitation set forth in Chapter 11 of the Code.

It has been long recognized that one who invokes the protective provision of the bankruptcy laws must do so in order to accomplish and further the expressed legislative aim of the particular Chapter and not for any other purpose. This Petition was filed under Chapter 11 entitled "Business Reorganization." It is without dispute that this Debtor does not have any "business" which could be reorganized. It is equally apparent that in this instance, the purpose of this Debtor to file this Petition under Chapter 11 is inconsistent with the underlying purpose of the Chapter and the rehabilitative process envisioned by Congress. To condone and to permit this Petition to be processed would be a clear perversion of the well articulated legislative intent. There is nothing in the legislative history which would indicate that Congress, by omitting the express requirement of "good faith" intended to do away with the safeguard

against abuse and misuse of the process, a safeguard which has been long established and accepted as part of the bankruptcy philosophy for almost a century. Accordingly good faith must be viewed as an implied prerequisite for a debtor's ability of obtaining relief under this Chapter. *In re Victory Construction Company, Inc.*, 9 B.R. 549, 3 CBC 2d 655 (CD Cal.1981).

One of the matters under consideration is a Motion to Dismiss or Convert. The dismissal or conversion of a business reorganization case is dealt with in § 1112 of the Code which provides inter alia that the court "may dismiss a case under this Chapter ... for cause ..." The Section lists several grounds which would constitute "cause" including a showing at any stage of the case that the Debtor is unable to effectuate the plan.

The legislative history of this Section indicates that the Court is required and permitted to consider other factors as they arise and is empowered to use its equity powers to reach an appropriate result in a given case. *H.R.Rep.No.595, 95th Cong. 1st Sess. 405–06 (1977)*, U.S.Code Cong. & Admin.News 1978, p. 5787.

However, it is urged by the Debtor that to consider dismissal or conversion at this early stage of the case is premature and improper and the Debtor should be given the opportunity to formulate a plan within 120 days as provided by § 1121(b), the exclusive time period granted to the Debtor during which no one but the Debtor may file a plan. In the present instance, the Debtor's claim that he is entitled to the benefit of the exclusive period of 120 days for filing a plan is obviously a stalling device. The economic realities of this case leave no doubt that there is no possibility that the Debtor will ever be able to effectuate a reorganization and it is evident that the entire proceeding was instituted solely for the purpose of delay and harassment of these two creditors and it is a clear abuse of the legislative intent. Having concluded that this petition was not filed in good faith, it is clear that the Debtor shall not be permitted to maintain his petition under this chapter. This leaves for consideration whether or not the case should be dismissed or converted into a Chapter 7 liquidation case.

Prior to the commencement of this case, the Trust Company of New Jersey conducted extensive post-judgment proceedings for the purpose of discovering any assets which could be subjected to satisfy the claim of the Trust Company of New Jersey. This post-judgment proceeding was and still is pending in the Circuit Court for Orange County, Florida, Case No. 73–8167. In light of the allegations that this Debtor is fraudulently secreting substantial assets, it is evident that in order to assure a full and complete investigation of the affairs of the Debtor a dismissal of this case would not be appropriate. This is so because if the case is dismissed, the interest of FDIC would not be protected. Moreover, whatever investigation is made can be done expediently by a trustee and both creditors in this case could lend whatever assistance the trustee needs to ferret out and discover if there are any assets, in fact, hidden and concealed by this Debtor. Only this way can fair and equitable treatment of both creditors be assured. Accordingly, this Court is satisfied that the dismissal of this case would not be warranted and the case should be converted to a Chapter 7 case.

There are still two unresolved items. The Motion to Transfer the case to the Orlando Division and a Motion to Require Ira Daitzman, Witness, to Answer and Properly Respond to Questions at 205(a) Examination and to Determine Propriety of Claim of Privilege.

As noted earlier, the Petition was filed by an Orlando attorney. The Debtor resides in the Orlando Division; he has no nexus with the Tampa Division with the exception that he allegedly has an office address in St. Petersburg, Florida. While the place of filing within the District is largely a matter of convenience and does not involve the question of either jurisdiction or venue, local law requires that cases originating out of Orange County shall be filed in the Orlando Division District. Therefore, the case

should be transferred for convenience of all parties to the Orlando Division of the Middle District of Florida.

Considering lastly the Motion to Require Ira Daitzman, Witness, to Answer and Properly Respond to Questions at 205(a) Examination and to Determine Propriety of Claim of Privilege, the record reveals that there is a Motion to Settle the Issues with Respect to Examination now scheduled to be heard on February 4, 1982 in Tampa. Because the motion involves an ongoing examination of the Debtor and since the case is now transferred to the Orlando Division, the hearing on the Motion to Settle should be cancelled at this time and rescheduled to be heard in Orlando.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Chapter 11 Proceeding be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Convert be, and the same hereby is, granted and the above-captioned Chapter 11 case be, and the same hereby is, converted to a Chapter 7 case. It is further

ORDERED, ADJUDGED AND DECREED that William Beemer be, and the same hereby is, appointed as interim trustee of the Chapter 7 case. It is further

ORDERED, ADJUDGED AND DECREED the Motion to Transfer the case to Orlando be, and the same hereby is, granted and the case be, and the same hereby is, transferred to the Orlando Division of the Middle District of Florida.

DONE AND ORDERED at Tampa, Florida on February 12, 1982.