In re 312 WEST 91ST STREET CO., INC., d/b/a Cowboy Palace, Cowboy Palace, Ltd., and Cowboy Palace Management, Ltd., Debtor.

**Bankruptcy No. 82 B 11922 (EJR).**

United States Bankruptcy Court, S.D. New York.

Dec. 29, 1983.

Finger & Asen, New York City, for debtor.

Paskus, Gordon & Hyman, New York City, for Kawil Equities, 459 West 43d Street Corp., and Brick Management Corp.

Rubin, Baum, Levin, Constant & Friedman, New York City, for Shirley Saltzman and A.D.S. Hotel Corp.

John S. Pereira, New York City, interim trustee.

John P. Campo, New York City, U.S. trustee, of counsel.

## DECISION ON MOTION FOR ORDER DISMISSING CHAPTER 11 PETITION

EDWARD J. RYAN, Bankruptcy Judge.

On September 21, 1981, an involuntary Chapter 7 petition was filed against 321 West 91st Street Corp. On March 1, 1983, the debtor filed a notice to convert the case to Chapter 11, and on April 14, 1983 a voluntary petition under Chapter 11 was filed.

The debtor commenced an adversary proceeding in this court on March 31, 1983 against Kawil Equities, Inc.; 459 West 43d Street Corp.; Brick Management Corp.; A.D.S. Hotel Corp.; Shirley Saltzman, exec-utrix under the last will and testament of Bernard Saltzman; and Donald J. Harley, Marshal, City of New York. In its complaint the debtor seeks possession of premises located at the Diplomat Hotel, 108 West 43rd Street, New York, New York, and money damages for an alleged wrongful eviction.

On July 7, 1983 an order was entered, upon consent of the debtor, directing the United States Trustee to appoint a Chapter 11 trustee. On July 14, 1983 the United States Trustee's selection of John Pereira as Chapter 11 trustee was approved (trustee).

By notice of motion dated September 16, 1983, Kawil Equities, Inc. and Brick Management Corp. seek an order dismissing this Chapter 11 case. A hearing was held on October 7, 1983, at which time the United States Trustee for the Southern District of New York appeared and recommended that this case be dismissed.

Pursuant to 11 U.S.C. § 1112(b) a chapter 11 case may be dismissed "for cause." Sufficient cause exists here. It is clear from the totality of circumstances that this is not the type of case for which Congress enacted Chapter 11 of the Bankruptcy Code.

The legislative purpose of Chapter 11 is the speedy rehabilitation of financially troubled businesses. Without a reasonable amount of assets and a feasibly operating business there is no logic in continuing a Chapter 11. *New Jersey Bank v. Oakland Shopping Plaza,* 25 B.R. 311 (D.C.D.N.J. 1982); *In re Tracey Service Co., Inc.,* 17 B.R. 405 (Bkrtcy.E.D.Pa.1982); *In re Mogul,* 17 B.R. 680 (Bkrtcy.M.D.Fla.1982).

The debtor has failed to demonstrate that it has any tangible assets. No bank accounts were turned over to the trustee, since the debtor did not maintain any such accounts. The debtor claims to own certain real and personal property valued at approximately $750,000. The trustee, however, was not able to take possession of any of these assets as the debtor has not provided any evidence which would prove ownership of such property. Thus, the debtor's

sole asset appears to be a lawsuit claiming an interest in a sublease and a claim for wrongful eviction from its premises. This is insufficient to invoke Chapter 11 jurisdiction. *See In re Imperial Heights Apartments, Ltd.,* 18 B.R. 858 (Bkrtcy.S.D.Ohio 1982).

It is apparent that the debtor has no "business" to reorganize. *See In re Mogul, supra.* It was organized to operate a country western nightclub. However, the debtor has no income, no premises, and never opened its doors to the public. The debtor's only "business" consists of abusing the bankruptcy process by attempting to use this court as a forum for pursuing its tenuous state law claim for wrongful eviction. The state court would be the proper forum to resolve this claim.

The above captioned Chapter 11 must be and it is dismissed. Settle an appropriate order directing entry of judgment.