### In re MID–VALLEY AGGREGATES, INC., Debtor.

**Bankruptcy No. 85–05099.**

United States Bankruptcy Court, D. North Dakota.

May 17, 1985.

James Britton, Williston, N.D., for debtor.

Lauris Molbert, Fargo, N.D., for Norwest Bank, Fargo.

Kip Erickson, Fargo, N.D., for Warner and Co.

William Westphal, Minneapolis, Minn., trustee.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtor, Mid-Valley Aggregates, Inc., filed for relief under Chapter 11 of the Bankruptcy Code on February 19, 1985. Norwest Bank Fargo, a creditor which the Debtor has scheduled as holding security, filed on April 8, 1985, a Motion to Dismiss the Chapter 11 case. While no formal resistance to the Motion was filed, Bradley E. Bagge, President of Mid-Valley, filed with the Court on May 6, 1985, an Affidavit on behalf of the Debtor in dispute of Norwest Bank Fargo's Motion for dismissal. A hearing on the Motion to Dismiss the Chapter 11 case was held before the undersigned on May 8, 1985, in Fargo, North Dakota. Norwest Bank Fargo cites bad faith and unreasonable delay to Mid-Valley's creditors as reasons the Court should enter the relief it requests under 11 U.S.C. § 1112(b). Norwest Bank Fargo additionally argues that abstention is warranted under section 305(a) of the Bankruptcy Code.

Norwest Bank Fargo contends that the Debtor has sought to avoid its financial obligation to the Bank and thereby frustrate the Bank through successive bankruptcy filings. The Debtor initially became obligated to the Bank on April 30, 1982, under a promissory note in the sum of $35,000.00. According to the terms and conditions of the promissory note, the Debtor promised and agreed to pay to Norwest the sum of $35,000.00 on or before October 26, 1982. Mid-Valley has not made any payments to Norwest Bank Fargo on the promissory note. Mid-Valley owed the Bank as of April 1, 1985, the sum of $51,-162.26 representing both principal and accrued interest which remains unpaid. Interest continues to accrue on the obligation at the rate of $15.54 per day.

Mid-Valley previously filed for relief under Chapter 11 of the Bankruptcy Code on April 27, 1983. The Debtor failed to file a disclosure statement or plan of reorganization and, on October 24, 1984, the United States Trustee filed a motion to convert or dismiss the Chapter 11 case. Norwest Bank Fargo filed a joinder to the motion of the United States Trustee on November 13, 1984. The Court, on November 23, 1984, entered an order dismissing the case finding that cause existed, "including unreasonable delay by the Debtor prejudicial to the interests of its creditors." Bradley E. Bagge testified that the Debtor acquiesced in dismissal of the prior bankruptcy case since the objectives of that reorganization effort had largely been satisfied. Negotia-

tions during the prior bankruptcy case resulted in an agreement for repayment of its obligation to the principal secured creditor, Norwest Bank Hillsboro, and led to an arrangement for financing of its continued operations. Thus, although the Debtor did not formally enter into a plan of reorganization, it accomplished a reorganization of its financial affairs which allowed for its continued operations. In January 1985, Norwest Bank Fargo initiated proceedings to foreclose its interest in the Debtor's machinery. Hours before the foreclosure sale, Mid-Valley again filed for bankruptcy relief. Bagge claims that without the Debtor's machinery, it would be unable to complete bonded contracts under which the Debtor remains liable to perform in the near future.

While Mid-Valley's present bankruptcy case was precipitated by Norwest Bank Fargo's foreclosure proceedings, the Debtor is also burdened by a substantial increase in its obligations. At the time it filed for bankruptcy relief in April 1983, the Debtor estimated its obligations amounted to $257,762.00. The Debtor disclosed that it had obligations in the approximate sum of $560,751.00 in February 1985. Mid-Valley's obligations to its old creditors have increased or, in some instances, have been replaced by entirely new obligations. The Debtor has totally extinguished its obligations to some creditors and is obligated to unsecured and secured creditors it previously owed no debt. Similarly, the Debtor's equity picture has changed. Three new parties own stock in the Debtor corporation. Also, the Debtor believes it has increased its equity position by $250,000.00 Mid-Valley contends that these factors indicate its present bankruptcy case was not initiated solely to frustrate the collection efforts of Norwest Bank Fargo.

## CONCLUSIONS OF LAW

An interested party may request dismissal of a bankruptcy reorganization pursuant to 11 U.S.C. § 1112. Section 1112(b) provides, as follows:

Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

.    .    .    .    .

11 U.S.C. § 1112(b)(1)–(3). Cause for dismissal of the bankruptcy case is not limited to the nine examples enumerated under section 1112(b). *In re Route 202 Corp.*, 37 B.R. 367 (Bankr.E.D.Pa.1984); *In re Johns-Manville Corp.*, 36 B.R. 727, 733 (Bankr.S.D.N.Y.1984). Cause for dismissal is a matter of discretion for the court. *In re Witkowski*, 41 B.R. 723 (Bankr.D.N.D.1984). Evidence of an intent to abuse or misuse the reorganization process has been found to be sufficient cause to warrant a dismissal. *In re Herndon Executive Center, Inc.*, 36 B.R. 803, 806 (Bankr.M.D.Fla. 1984). Thus, a case must be filed at the outset in good faith. *In re Condominium Ass'n of Plaza Towers South, Inc.*, 43 B.R. 18 (Bankr.S.D.Fla.1984); *In re Winn*, 43 B.R. 25 (Bankr.M.D.Fla.1984). One court reasoned, as follows:

While it is true that § 1112(b) does not include lack of good faith as a ground for dismissing a case, the Senate Report to § 1112(b) leaves no doubt that the grounds for dismissal set forth in § 1112 of the Code was not meant to be exhaustive and courts were left free to consider factors, other than those enumerated in § 1112(b) courts were left free to use equitable powers to reach an appropriate result in individual cases.... Thus there is no doubt that good faith is still an implied prerequisite to filing and maintaining a case under Chapter 11 of the Code.

*In re Winn,* 43 B.R. at 28. A bankruptcy reorganization must not be used merely as a device for delay or be initiated solely for the purpose of frustrating foreclosures. *In re 2218 Bluebird Ltd. Partnership,* 41 B.R. 540 (Bankr.S.D.Cal.1984); *In re R & M Porter Farms, Inc.,* 38 B.R. 88 (Bankr. W.D.Mo.1984). Prior decisions also indicate that dismissal is appropriate when a Chapter 11 reorganization is used merely as a litigation tactic. *In re Wally Findlay Galleries (New York), Inc.,* 36 B.R. 849 (Bankr.S.D.N.Y.1984). If there is any doubt as to the alleged cause for dismissal, courts resolve the matter in favor of continued reorganization. *In re Lahman Mfg. Co., Inc.,* 33 B.R. 681 (Bankr.D.S.D.1983). Courts will generally permit a reorganization to proceed as long as there is a reasonable amount of assets and a feasibly operating business. *In re Witkowski,* 41 B.R. 723 (Bankr.D.N.D.1984); *In re 312 West 91st Street Co., Inc.,* 35 B.R. 346 (Bankr.S. D.N.Y.1983).

█ In the present instance, the Court does not find there is sufficient cause for dismissal of this bankruptcy case. Mid-Valley has concerns over its obligations to many creditors in addition to Norwest Bank Fargo. Thus, this proceeding can not be characterized as a two-party dispute. The Debtor appears sincere about seeking financial rehabilitation and does not merely have a bone to pick with Norwest Bank Fargo. Similarly, the Court cannot find that the Debtor is abusing the judicial process by its successive bankruptcy filings. The number of creditors and the extent of the Debtor's obligations have increased substantially since it filed for Chapter 11 assistance in April of 1983. The Court does not view this case as simply a rehash of the same financial problems the Debtor faced at the time it filed for relief in April 1983. Bradley Bagge, President of Mid-Valley, testified at the hearing on Norwest Bank's Motion that the stigma of a bankruptcy proceeding made it difficult for the Debtor to obtain financing for its continued operations. The Court is assured, therefore, that the Debtor will not languish under the protection of the Bankruptcy Court without making progress toward its rehabilitation.

Accordingly, and for the reasons stated, IT IS ORDERED:

That the Motion to Dismiss filed on April 9, 1985, by Norwest Bank Fargo is DENIED.