**In re Stanley Dean MEDLEY, Debtor.**

**Bankruptcy No. 85–01842(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 6, 1986.

T.J. Mullin, Norman W. Pressman, Clayton, Mo., for debtor.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter being considered here is the Debtor's request to approve his Amended Disclosure Statement in this Chapter 11 Reorganization case. No parties appeared at the hearing on February 4, 1986, and no objections were presented after notice to all creditors. This memorandum is based upon a consideration of the record as a whole.

The Debtor is an individual wage earner. He is not a business enterprise and does not receive income other than wages. He is 52 years old, married with two teen-age children. The Debtor's wife is employed, but none of her income will be used to fund the proposed plan of reorganization. The Amended Disclosure Statement filed on December 13, 1985 contains two and one-half pages of text and one Exhibit listing monthly income and expenses. This document is considerably smaller than the Disclosure Statements normally received in a Business Reorganization case.

No creditor has filed a motion to dismiss this case based upon the absence of a business enterprise or because the Debtor does not operate a business. *In re William and Wanda Wamsganz*, 13 B.C.D. 973, 54 B.R. 759 (Bkrptcy.ED Mo., 1985), notice of appeal filed November 7, 1985; *In re Zelda Moog*, 13 B.C.D. 998 (11th Cir., 1985).

A disclosure statement may be approved by the Court if it contains adequate information as required by law. 11 U.S.C. § 1125. The court's approval or disapproval generally requires a consideration of all the facts and circumstances in a particular case. In the matter now before the Court, the Debtor's Amended Disclosure Statement is a superficial outline rather than a means for providing detailed information such that a hypothetical reasonable investor may make an informed judgment about the plan. 11 U.S.C. § 1125(a).

The description of the Debtor's history in the first two paragraphs fails to explain the reasons for the termination of his employment at two companies during the twenty-four months preceding commencement of this case. Information about his education, training and present duties is glaringly absent. There is a brief reference to "money management problems," but these are not further described, and it is unclear whether they are to be resolved by this Reorganization case. The Disclosure Statement also suggests that the Debtor and his non-debtor spouse maintain separate financial systems and incur separate expenses. If this is correct, the creditors in this case must be made aware of all family obligations. Each creditor can then decide what, if any, contingent liabili-

ty may be present in this Reorganization case.

Other statements in the Disclosure Statement refer to anticipated bonuses and an unliquidated auto accident claim. These items are not further described. The Disclosure Statement also refers to an executory contract between the Debtor and one of his attorneys, which is neither assumed nor rejected in the Court file.

Although the Disclosure Statement includes a listing of the Debtor's monthly income and expenses, the figures are not supported by any documentation; and the Debtor has not offered to include copies of recent income tax returns to support his earning capacity.

The Disclosure Statement does not refer to a plan which is capable of being confirmed. The Statement and Plan provide that creditors who file claims will be paid 100 percent (presumably, of the allowed amount of the claim). This is either an incorrect or incomplete statement of the Bankruptcy Law, or it is an unreasonable classification of claims or interests. 11 U.S.C. § 1111, and 11 U.S.C. § 1122. The plan also states that no claims or interests are impaired, even though repayment will extend over 10 years, and unsecured creditors will receive no interest.

The sparcity of information in the Disclosure Statement is such that it is impossible to determine the reason for the commencement of this case. No foreclosures are referred to in the Court file; the Debtor does not list any delinquent obligations; and none of the listed debts are disputed. The Court can only speculate that the Debtor anticipates receiving a large award from the pending non-bankruptcy lawsuit and that this Chapter 11 case will afford some protection from creditors until that determination is made. Whatever the reason may be, it is not included in the Disclosure Statement.

For these several reasons, the Debtor's Amended Disclosure Statement is not approved.