In the Matter of **FOUR J'S LEASING & RENTALS, INC.**, Debtor.

**Bankruptcy No. 86–3791.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 18, 1986.

H. Robert Dowd, Jr., Sarasota, Fla., for debtor.

Larry Foyle, Tampa, Fla., for Goldome Sav. Ass'n.

### ORDER ON MOTION TO DISMISS CHAPTER 11 PROCEEDING WITH PREJUDICE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion to Dismiss Chapter 11 Proceeding with Prejudice filed by Goldome Savings Association (Goldome), a creditor in the above-captioned case. Goldome seeks an order dismissing the bankruptcy case under § 1112(b) of the Bankruptcy Code for "cause" claiming that Four J's Leasing & Rentals, Inc. (Debtor) filed this Chapter 11

Petition in bad faith. The Court has considered the Motion, together with the record, heard arguments of counsel, and finds as follows:

At the time relevant to the issue raised by Goldome's Motion, J.C. Condrack (Condrack) was the owner of four residential real properties and a condominium unit (Unit 202) in an office complex known as Ringling Professional Center. All these properties are located in Sarasota County, Florida. The four residences have been encumbered by two mortgage liens, one in favor of Goldome, the other in favor of Alliance Mortgage Co. (Alliance). Alliance, the holder of the first mortgage on the four residences, commenced an action to foreclose its mortgage lien on these properties and was proceeding to an entry of an Summary Final Judgment of Foreclosure and, of course, ultimately to a foreclosure sale of the four residences.

Goldome also joined in the foreclosure and filed a Lis Pendens in the public records of Sarasota County. Before Alliance and Goldome were able to complete the foreclosure action, Condrack, who was the owner of these properties, transferred his interest by quit claim deed to the Debtor without consideration. Ringling Professional Center Condominium Association, Inc., (Association) is a Florida non-profit corporation charged with the responsibility for operating and managing Ringling Professional Center, an office condominium, located in Sarasota County, Florida. On October 16, 1985, the Association filed a lien foreclosure action against the office condominium (Unit 202) owned by J.C.C. Company & Son, Inc. In addition, the Association filed a Lis Pendens in connection with its foreclosure action. On July 14, 1986, the Circuit Court for Sarasota County entered an Amended Final Judgment of Foreclosure in the amount of $3,685.37 and ordered the property to be sold on August 29, 1986. On August 28, 1986, one day prior to the foreclosure sale, J.C.C. Company & Son, Inc., the Defendant in the foreclosure action, transferred the subject property to the Debtor by quit claim deed for no consideration. Condrack is the president of both J.C.C. Company & Son, Inc. and the Debtor. The Chapter 11 Petition was filed by the Debtor on August 28, 1986.

The Association and the Clerk of the Circuit Court were not properly notified of the purported transfer of the subject property to the Debtor or of the filing of the Chapter 11. As a result, the foreclosure sale was held as scheduled on August 29, 1986, at which time the Association purchased the office condominium. On September 11, 1986, a Certificate of Title was issued to the Clerk which conveyed title of the office condominium to the Association. In addition, two other foreclosure actions were filed by the first and second mortgage holders on the same property, Case Nos. 86–1584 and 86–2423 in the Circuit Court for Sarasota County, Florida. The total indebtedness owed to the first and second mortgage holders far exceeds the value of Unit No. 202.

It is undisputed that these transfers of the properties involved by quit claim deed were for the specific purpose of obtaining the protection of the § 362 automatic stay of the Bankruptcy Code in order to thwart the foreclosure proceedings. It is also without dispute that the Debtor corporation never had any assets prior to acquiring title to the properties involved without any consideration; it never had any employees; never operated any business of any sort, and in fact was nothing more than a dormant corporate shell.

As indicated earlier, the dismissal sought by Goldome of this Chapter 11 case is based on § 1112(b) of the Bankruptcy Code, which inter alia provides as follows:

11 U.S.C. § 1112(b) Conversion or dismissal.

Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause....

Goldome seeks a dismissal for "cause." The term "cause" as used in this section is not defined and it was obviously intended to be a flexible concept. This is evident from the legislative history of this section which includes the following statement discussing the concept of "cause" as used in this section: "The Court will be able to consider other equitable powers to reach an appropriate result in individual cases." *H.R.Rep. No. 595, 95th Cong., 1st Sess. 406 (1977); U.S. Code Cong. & Admin. News 1978, at 5787, 6362.* It is now universally recognized that it is appropriate to dismiss a Chapter 11 case for "cause" if it appears that the petition was filed in bad faith. *In re Waldron, et al.,* 785 F.2d 936 (11th Cir.1986); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Thirtieth Place, Inc.,* 30 B.R. 503 (9th Cir.1983); *In re Wamsganz,* 54 B.R. 759, 13 B.C.D. 973 (Bankr.E.D.Miss.1985); *In re Levinsky,* 23 B.R. 210 (Bankr.E.D.N.Y.1982); *In re Spenard Ventures, Inc.,* 18 B.R. 164 (Bankr.D.Alaska 1982); *In re Victory Construction Co., Inc.,* 9 B.R. 549 (Bankr.C.D. Cal.1981).

This Court recently addressed the issue of dismissal of a Chapter 11 case for "cause" in *In re Welwood Corporation,* 60 B.R. 319 (Bankr.M.D.Fla.1986). In *Welwood, supra,* this Court, citing *Little Creek Development Co. v. Commonwealth Mortgage Corp.,* 779 F.2d 1068 (5th Cir. 1986), articulated several factors which are usually present in chapter 11 cases not filed in good faith and which may be considered in a motion to dismiss for cause:

1) debtor has one asset such as a tract of undeveloped or developed real property;

2) the secured creditors' liens encumber this tract;

3) there are generally no employees except for the principals;

4) little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments;

5) few, if any, unsecured creditors whose claims are relatively small;

6) the property has usually been posted for foreclosure because of arrearages on the debt;

7) the debtor has been unsuccessful in defending actions against the foreclosure in state court;

8) the debtor and one creditor may have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

9) allegations of wrongdoing by the debtor or its principals; and

10) the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

A comparison of the factors outlined above with the facts of this case leaves the Debtor in a virtually indefensible position. It is without dispute that the sole assets of the Debtor are five parcels of real estate subject to foreclosure sale. It is conceded that the primary purpose of filing the bankruptcy petition was to frustrate the foreclosure sales. The Debtor has no income and there is no viable business entity to rehabilitate. While it is true that this Debtor was not created on the eve of bankruptcy, nevertheless, it is clear that as noted it was nothing more than a bare corporate shell without any justification for its existence. This is a classic case of "new debtor syndrome" and the Debtor has no available sources of income to sustain a plan of reorganization or to make adequate protection payments.

It is now well established that courts are not required to retain cases on their dockets which were not filed to achieve the valid and legitimate purposes designed by Congress through the enactment of the rehabilitative provisions of Chapter 11. To do so would be a total disregard of the basic overriding purpose of the system designed by Congress which was to enable a financially distressed debtor to achieve rehabilitation. Therefore, if it is evident from the outset that there is no reasonable

expectation that the financial situation of the Debtor can be successfully repaired through the reorganization process, and the case is filed solely to use the bankruptcy forum to hide under the protective umbrella of the automatic stay in order to gain time and prevent secured creditors from enforcing their legitimate claims is "cause" which warrants a dismissal because such case was obviously filed in bad faith. *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984) Based on the foregoing, this Court is not required, nor is it inclined, to retain this case on its docket.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Chapter 11 Proceeding with Prejudice be, and the same is hereby, granted.