**In re TRIUS CORPORATION, Debtor.**

**Bankruptcy No. 83–01138.**

United States Bankruptcy Court,
D. South Carolina.

June 1, 1984.

---

David Duncan, Rock Hill, S.C., for debtor.

T. English McCutchen, III, Columbia, S.C., for creditor.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This matter comes before the court on the motion of the estate of Thomas W. Hair (movant) for relief from the automatic stay pursuant to 11 U.S.C.[1] § 362(d)(1), (2), so

---

**1.** Further reference to sections of the Bankruptcy Code of 1978 will omit the identically numbered section of 11 United States Code.

that the movant may proceed to enforce its remedies under state law with regard to real estate which was mortgaged to secure two notes held by the movant.[2]

## FINDINGS OF FACT

The debtor is the owner of two tracts of land (real estate) consisting of approximately 550 acres in Laurens County, South Carolina.

The real estate is encumbered by two mortgages totaling $266,560. Based on the testimony of the movant's real estate appraiser that the real estate has a value of $188,000, this court finds that the value of the real estate does not exceed the amount of the encumbrances.

## DISCUSSION

The disjunctive language of § 362(d) allows a party in interest to obtain relief if a claim for relief is established either under § 362(d)(1) or § 362(d)(2). *Walter E. Heller Western, Inc. v. Faires (In re Faires)*, 11 B.C.D. 332, 34 B.R. 549 (Bankr.W.D. Wash.1983); *First Connecticut Small Business Investment Co. v. Ruark (In re Ruark)*, 7 B.C.D. 59, 7 B.R. 46 (Bankr.D. Conn.1980).

### I

■ The party requesting relief from the automatic stay under § 362(d)(1) has the burden of proving that cause exists for relief from the automatic stay. *MacGregor v. Ostrander (In re Ostrander)*, Case No. 82–01164, Complaint No. 83–0486 (Bankr.D.S.C.1983).

■ "The lack of adequate protection of an interest in property is one cause for relief from the stay, but is not the only cause." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6300. Once the party seeking relief from the stay has proved cause for relief, the party opposing the relief has the burden of showing that the cause shown does not warrant relief from the stay and that the interest is adequately protected. See, § 362(g)(2); *Standard Federal Savings & Loan v. Phelps (In re Chatman)*, 23 B.R. 176 (Bankr.N.D. Ill.1982).

■ Because the movant has shown that there is no equity in the real estate above the amount of the secured claim, the movant has satisfied its initial burden of proof as to cause. *See, In re Satterfield*, case No. 82–02150 (Bankr.D.S.C. 1/27/84). *See*, § 362(g)(1); *First Federal Savings & Loan v. Shriver (In re Shriver)*, 33 B.R. 176, 185 (Bankr.N.D.Ohio 1983); 2 *Collier on Bankruptcy* ¶ 362.10 at 362–58 (15th ed. 1982).

■ This case has been pending for approximately ten months and no plan or disclosure statement has been filed and no substantive steps appear to have been taken toward reorganization.

The debtor has not met its burden of showing that the movant's interest in the real estate is adequately protected and that the cause shown does not warrant relief from the stay. § 362(g)(2); *Standard Federal Savings & Loan v. Phelps (In re Chatman)*, supra.

The movant has shown that cause exists for relief from the stay under § 362(d)(1).

### II

■ When a party in interest is seeking relief from the stay pursuant to § 362(d)(2), the moving party satisfies its burden of proof upon a showing that the debtor does not have any equity in excess of the amount of all liens encumbering the property. *In re Satterfield*, supra. *See*, § 362(g)(1); *First Federal Savings & Loan v. Shriver (In re Shriver)*, 33 B.R. at 186; *Harleysville National Bank & Trust Co.*

---

2. § 362(d); On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

**6**

*v. Kaufman (In re Kaufman)*, 24 B.R. 498 (Bankr.E.D.Pa.1982); *Northeast Federal Savings & Loan v. Mikole Developers, Inc. (In re Mikole Developers, Inc.)*, 14 B.R. 524 (Bankr.E.D.Pa.1981).

■ Once the party seeking relief from the stay has shown that the debtor lacks equity in the property, the party opposing the relief must show: (1) that the property is essential to the reorganization effort; and (2) that there is a reasonable possibility of a successful reorganization in a reasonable time. *First Federal Savings & Loan v. Shriver (In re Shriver)*, 33 B.R. at 187. *See*, § 362(g)(2); *Standard Federal Savings & Loan v. Phelps (In re Chatman)*, *supra*.

■ In this case the movant has satisfied its burden of proof on the debtor's lack of equity in the real estate. The debtor has not satisfied its burden of proof on the necessity of the property to an effective reorganization and the reasonable possibility of a successful reorganization in a reasonable time.

The movant, therefore, is also entitled to relief under § 362(d)(2).

## CONCLUSION

For the reasons stated above, the movant, the estate of Thomas W. Hair, is entitled to relief from the stay pursuant to § 362(d)(1) and § 362(d)(2) so as to allow the movant to pursue its remedies in state court with regard to the real estate.

## ORDER

AND IT IS SO ORDERED.