**In re Louis C. KLUTZARITZ and Linda V. Klutzaritz, husband and wife, individually and jointly and t/a Fashion Fabrics and L.S.V. Fabrics, Inc., Debtors.**

**Bankruptcy No. 81–03379 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 13, 1985.

James G. Watt, Allentown, Pa., for debtors.

E. Keller Kline, Allentown, Pa., for First National Bank of Allentown.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 13 case, the First National Bank of Allentown ("Bank") has filed, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), a motion for relief from the automatic stay as to the debtors' two parcels of real property and their three automobiles. For the reasons hereinafter given, we shall grant the relief requested by the Bank.[1]

One of the parcels of real property is the debtors' residence, which has a fair market value of $78,000.00. The other parcel is the debtors' real property upon which Mr. Klutzaritz had formerly conducted his retail business of selling cloth and yarn. The Bank claims that this business realty has a fair market value of $45,000.00, whereas the debtors claim that its fair market value is $65,000.00.

The residential real property is encumbered by the Bank's first mortgage lien, pursuant to which the debtors owe to the Bank $42,726.33.

The business realty is encumbered by the Bank's first mortgage lien, pursuant to which the debtors owe to the Bank $20,080.31. It is also encumbered by delinquent taxes in the amount of at least $3,890.50.

The critical dispute in this matter involves a transaction which occurred on March 31, 1980 between the debtors and the Bank. This transaction was a refinancing of obligations owed to the Bank by Mr. Klutzaritz's business and the debtors personally, but did not involve the two aforementioned first mortgages on the personal residence and business realty, respectively. In this transaction, the Bank satisfied the commercial loan debt of $32,950.00 owed by Mr. Klutzaritz's business to the Bank and satisfied over $21,000.00 of the debtors'

personal obligations to the Bank. In return, the debtors signed a demand note for $54,600.00 plus interest.[2] As collateral for this debt, the debtors gave the Bank second mortgages on both their residential real property and business realty, as well as security interests in their three jointly-owned and previously unencumbered automobiles.

It is undisputed that the debtors have made no principal payments on this $54,600.00. Therefore, with regard to the debtors' real property, it is clear that if the $54,600.00 is a valid encumbrance against both parcels of real property, the debtors have no equity in either parcel,[3] even assuming *arguendo* that the business realty has a fair market value of $65,000.00, as the debtors contend.

The debtors, however, argue that we should find that no lien attached to either parcel of real property resulting from the March 31, 1980 transaction, notwithstanding the second mortgages which they signed. They contend that the Bank's claim thereon for $54,600.00 plus interest should thus be treated as an unsecured claim, and they have so designated it in their proposed Amended Chapter 13 Plan. They argue for such a finding on two grounds. First, they claim that both they and the Bank understood and agreed that the purpose of the March 31, 1980 transaction was to lower the debtors' monthly payments to the Bank. Instead, the transaction had the effect of increasing their monthly payments from approximately $1,200.00 to approximately $1,600.00, whereas the Bank knew that the debtors could not even afford the $1,200.00 monthly payments. Furthermore, the debtors claim that the Bank is charging them a higher rate of interest than it should and has miscalculated the monthly payments and the total payment owed to the Bank by

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

2. There is a dispute as to the interest rate payable on the demand note.

3. The Bank claims that its second mortgage liens on each parcel are considerably in excess of $54,600.00.

the debtors pursuant to the March 31, 1980 demand note. Therefore, the debtors argue that, under Pennsylvania contract law, the March 31, 1980 transaction is subject to rescission for mistake, at least to the extent that the Bank acquired second mortgages against the debtors' real property.

 We find the debtors' argument to be without merit in the present context of the Bank's motion for relief from the automatic stay. It is obvious from the record that the debtors received the benefit of the $54,600.00, that the Bank would not have parted with that money without acquiring the mortgage liens, and that the debtors were agreeable to encumbering each of their parcels of real property in the amount of at least $54,600.00 pursuant to the March 31, 1980 transaction. Therefore, we find that there was no legal mistake nor unconscionability in the Bank's acquiring the mortgage liens in the amount of at least $54,600.00.

■ The debtors' other ground for contending that no liens resulted from the March 31, 1980 transaction involves their claim that the transaction should be rescinded because of the Bank's failure to deliver certain disclosures to them pursuant to the Federal Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* However, this claim must be rejected because that Act exempts from its protection transactions involving "extensions of credit primarily for business, commercial, or agricultural purposes...." 15 U.S.C. § 1603. And, as indicated *supra*, over 60% of the money involved in the March 31, 1980 transaction was used to satisfy a debt owed to the Bank by Mr. Klutzaritz's business.

■ Therefore, we conclude that the Bank has second mortgage liens of at least $54,600.00 against both the debtors' personal residence and business realty. As such, the debtors have no equity in either property. Having thus satisfied § 362(d)(2)(A) of the Bankruptcy Code, the Bank is entitled to relief from the stay if, under § 362(d)(2)(B), as to each property, such property is not necessary to the debt-

ors' effective reorganization. The debtors have the burden of proof on the issue of effective reorganization. 11 U.S.C. § 362(g)(2). However, the debtors have not even alleged that either property is necessary to their effective reorganization under Chapter 13 of the Bankruptcy Code. Therefore, pursuant to 11 U.S.C. § 362(d)(2), we shall lift the automatic stay as to both parcels of the debtors' real property so that the Bank may pursue its state law rights and remedies against the properties.

Based upon like circumstances and essentially the same arguments and analysis as above, we shall also, pursuant to 11 U.S.C. § 362(d)(2), lift the stay as to the debtors' three jointly-owned automobiles.