In re Gary BRYAN, Joyce Marie Bryan d/b/a Sportsman's Club, Debtors.

Bankruptcy No. 86–20568.

United States Bankruptcy Court, D. Montana.

Jan. 21, 1987.

Thomas W. Frizzell, Missoula, Mont., for debtors.

Leonard L. Kaufman, Kalispell, Mont., for Bank.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 proceeding, the Glacier National Bank, N.A. (Bank), a secured creditor, filed a motion for termination of the automatic stay under Section 362, 11 U.S.C. 362, of the Bankruptcy Code. The Debtors resist the motion, claiming in their response, that the Bank lacks a perfected security interest in the personal property of the Debtors, the remaining secured collateral is necessary for effective reorganization and the Debtors are entitled to make adequate protection payments in lieu of this Court terminating the automatic stay. After hearing on December 15, 1986, the parties were granted until January 8, 1987, to file memorandums in support of their respective positions. The Bank filed its memorandum on January 7, 1987, and the Debtors filed their memorandum on January 20, 1987.

The Debtors filed their Chapter 11 proceeding on October 2, 1986, listing among their scheduled debts, the Bank as a secured creditor in the amount of $200,-577.37, with collateral as security for the debt listed as equipment, inventory, liquor license and real estate, which the Debtors value at $96,180.00. The evidence of the Bank at the hearing on the motion for termination of the automatic stay shows that on July 2, 1985, the Debtors executed a promissory note for $172,857.65 and contemporaneously executed a Deed of Trust to Lots 11 and 12, Block 44 of the Columbia Falls Townsite and security agreement to all equipment, machinery, inventory, furniture and fixtures, including Montana Liquor License 07 912 2642 01. The Bank recorded the Deed of Trust on July 15, 1985, with the Clerk and Recorder of Flat-

head County, Montana, and filed UCC–1 filing statements on July 12, 1985, with the office of Secretary of State of Montana. The financing statements describe the Debtors as "Gary or Joyce M. Bryan, dba, Sportsman's Club, 1067 Jellison Rd., Columbia Falls, Mt. 59912", while the evidence shows the Debtors' business with the collateral is located at 626 Nucleus Ave., Columbia Falls, Montana. The loan is now in default, and with accrued interest and other advances of principal, totals $269,336.75. As for the liquor license, the testimony of the bank officer was to the effect that the license contains the name of the bank on the license as first mortgagee and the Bank had to consent to the transfer to the Debtors on a change of location.

Real estate appraisal evidence submitted by the Bank and entered without objection by the Debtors, values the real property and improvements at $70,000.00. Another appraiser of the Bank, who has had experience in owning, selling and buying liquor licenses in the Columbia Falls area for over 10 years, valued the liquor license at $25,000.00 to $50,000.00. The building in which the Debtors do business is an uncompleted building of unfinished apartments but with a completely remodeled bar and lounge area. The Bank presented no evidence on the value of the furniture, fixtures and other personal property, which the Debtors' schedules value at $1,180.00. The Bank further showed that the property can be insured for only $50,000.00, that the Bank has advanced all insurance premium payments for two years, that real estate taxes are delinquent for over two years, and that the bank further advanced sums to satisfy unpaid withholding taxes of over $8,500.00 due the Internal Revenue Service. The Debtors presented no testimony at the hearing, nor have the Debtors filed a Disclosure Statement and Plan of Reorganization. In their memorandum, the Debtors claim the Bank has not properly perfected its security interest in the liquor license, that the Bank is entitled to adequate protection payments because the property is necessary for effective reorganization, and such payments should be based on the sum

of $70,000.00 (value of the real estate) at 9% interest, with interest payable quarterly.

Section 362(d) of the Bankruptcy Code provides:

"(d) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under Subsection (a) of this section, if—

(A) the debtor does not have an equity in said property; and

(B) such property is not necessary to an effective reorganization."

Under Section 362(g), upon a hearing for relief from stay, the party requesting such relief, which is the Bank in this case, has the burden of proof on the issue of the Debtors' equity in the property and the party opposing such relief, the Debtors here, has the burden of proof on all other issues.

On the issue of lack of equity, the Bank has clearly sustained its burden of proof. The principal amount of the note, excluding any advances and accrued interest, far exceeds the value of the collateral. I find the collateral of the Bank has a going-concern value as follows:

| | | |
|---|---|---|
| Real property and improvements | – | $70,000.00 |
| Personalty | – | 1,180.00 |
| Liquor license | – | 25,000.00 |
| Total | | $96,180.00 |

While the Debtors claim in their brief that the security interest in the liquor license was unperfected under Montana law, the only evidence in the record, which was not rebutted by any evidence of the Debtors, is that the Bank has filed its lien with the Montana Department of Revenue as required by Section 16–4–404, MCA, (license subject to a mortgage, name of mortgage shall be endorsed on the license) and the Montana Uniform Commercial Code, Section 30–9–203(4) and 302 (collateral must be subject to a security agreement and financ-

ing statement must be filed to perfect the security interest). Accordingly, the value of the Bank's collateral is undersecured by at least $76,677.00 based on the face amount of the unpaid note and $173,156.00, if one adopts the total indebtedness due the Bank.

■ Since the creditor has thus sustained its burden of proof under 362(g) of the Bankruptcy Code on the equity issue, it was then incumbent upon the Debtors to prove (1) the property was necessary for an effective reorganization of the Debtors, and (2) the Debtors had the ability to make adequate protection payments to the Bank if the reorganization appears feasible. On these issues the Debtors introduce no evidence or testimony. This Court asked Debtors' counsel at the conclusion of the Bank's evidence whether the Debtors had any evidence to submit in support of their position and counsel stated in open court they had none. Indeed, the Debtors were not even present at the hearing.

A few basic principles which govern the application of 362(d) are enlightening. *In Re Digby*, 47 B.R. 614, 622–623 (Bankr.N. D.Ala.1985), holds:

"The statute requires such relief, if 'cause' exists or if the policy-procedure condition exists, where the 'debtor does not have an equity in such property [,] and such property is not necessary for an effective reorganization'. The statute contains a construction imperative that 'cause' includes the 'lack of adequate protection of an interest in property of' the party requesting the relief.

\*     \*     \*     \*     \*     \*

Next, the court must consider whether there is other 'cause' for granting the relief from the stay.

\*     \*     \*     \*     \*     \*

Finally, there remains the question of double inquiry. Does the Debtor have an 'equity' in the property? If not, is the property necessary for an effective reorganization? When both inquiries produce a negative finding, the court must grant relief from the stay provided by

Section 362(a). This is not because of 'cause' as such, but because Congress had determined that the property has not significant bearing upon the reorganization case and that, therefore, there is no sufficient policy or procedural consideration which justifies barring a creditor from exercising the rights regarding the property which contract or statute afford."

■ Courts will generally permit a reorganization case to proceed as long as there is a reasonable amount of assets and a feasible operating business. *In Re Witkowski*, 41 B.R. 723 (Bankr., D.N.D., 1984); *In Re 312 West 91st Street Co. Inc.*, 35 B.R. 346, 347 (Bankr., S.D.N.Y., 1983), which held:

"The legislative purpose of Chapter 11 is the speedy rehabilitation of financially troubled businesses. Without a reasonable amount of assets and a feasibly operating business there is no logic in continuing a Chapter 11."

Moreover, inability to effectuate a Plan within a reasonable time may also be grounds for dismissal. *Matter of Sundale Associates Ltd.*, 48 B.R. 288 (Bankr., D.Fla., 1984). Indeed courts have been quite clear that a reasonable prospect of reorganization means more than simply proposing high hopes of refinancing.

"No evidence of a realistic prospect of sale or refinancing was offered by the defendant. Statement of counsel merely reflected a vague possibility that there might be someone who would find an arrangement to refinance the mortgage with the plaintiff." *In Re Johnson*, 6 B.R. 100, 101, (Bankr.S.D.Fla.1980).

Under the posture of this case, the language of In re *Matter of Terra Mar Associates*, 3 B.R. 462, 466 (Bankr.D.Connec. 1980), is pertinent:

"The debtor's claim that it is inherent in any Chapter 11 proceeding, where the debtor's main asset consists of real estate and its business is the operation of that particular real estate, that the loss of the real estate thwarts any chance of a successful reorganization and, there-

**424**

fore, the property is indispensable to the rehabilitation of the debtor. 'Indispensability of the property to the debtor's survival and hope of rehabilitation is not enough, of course, to justify continuation of the stay when rehabilitation is hopeless or the stay threatens injury to the lienor's security'. Kennedy, *The Automatic Stay in Bankruptcy*, 11 U.Mich. L.J.Ref. 179, 244 (1978)."

■ In this case, the secured creditor, rightly concerned by the lack of adequate fire insurance, unpaid taxes and declining patronage in liquor operations, desires to take immediate steps in state court to foreclose the interests of the Debtors. A bankruptcy reorganization may not be used merely as a device for delay or be initiated solely for the purpose of frustrating foreclosures. *In Re 2218 Bluebird, Ltd. Partnership*, 41 B.R. 540 (Bankr.S.D.Cal., 1984); *In Re R & M Porter Farms Inc.*, 38 B.R. 88 (Bankr.Cal.1984).

■ Since I cannot resort to any evidence regarding the Debtors' business operation from the hearing on the motion for relief from stay, I am compelled in fairness to the parties to examine the sworn schedules of the Debtors, where I find no income tax returns have been filed since 1984, the business checking account is overdrawn and real property taxes on the business property are delinquent in at least the sum of $1,021.77. Moreover, a mechanic's lien has been lodged against the property, and action on that matter is proceeding in state court. The total debts scheduled are $252,-055.91 against total assets of $166,935.00, which includes however exempt assets of $44,775.00, principally on the Debtors' residence.

If I were inclined to pass upon an award of adequate protection, I would have to do so in line with *In Re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir. 1984), which holds that an undersecured creditor is entitled to adequate protection

in the form of lost opportunity costs, i.e., post-petition interest payments fixed on the liquidating value of the security at current market interest rate. The problem I have in applying *American Mariner* is that the Debtors wholly failed to present any evidence of liquidation value, present interest rates [1] or ability to pay based on the operation of the business. Equally important, the Debtors have wholly failed to show to the Court any feasible Plan of Reorganization, either by filing the Plan of Reorganization or providing testimony of its proposed contents. *American Mariner* holds that one of the principles of adequate protection is a finding based on the evidence that the collateral is necessary for effective reorganization. The holding of *In Re Miller*, 58 B.R. 192, 201 (Bankr.N.D.Tex.1985), is applicable to the facts in this case:

"Debtor did not plead that AGI was adequately protected. No offer of adequate protection was forthcoming at the hearing held on October 2, 1985. Accordingly, the debtor failed in its burden to offer adequate protection as required by § 362(g). *Matter of Clarkstown Transmission Corp.*, 45 B.R. 807, 810 (S.D.N.Y.1985); *In Re Klutzaritz*, 46 B.R. 368, 370 (Bankr.E.D.Pa.1985); *In Re Truis Corp.*, 47 B.R. 3, 5 (Bankr.S.C.1984). When a debtor fails to present sufficient evidence concerning the issue of adequate protection at the trial the burden of § 362(g) necessitates a modification of the automatic stay. *In Re GSVC Restaurant Corp.*, 3 B.R. 491, 494 (Bankr.S. D.N.Y.) aff'd 10 B.R. 300 (S.D.N.Y. 1980)."

In *Matter of GSVC Restaurant Corp.*, supra, the Court held at 494:

"At the trial the Debtor presented no evidence whatsoever concerning the issue of adequate protection of the plaintiff's interest in the property. Since it was the debtor's burden to provide or propose a method of protection, the fail-

---

**1.** The Debtors, post-hearing attached to their brief a Wall Street Journal article on interest rates which they contend should be considered under Rule 201, Fed.R. of Evid. I decline to consider post-hearing matters when the Debtors have been afforded a full opportunity to present such evidence at the hearing.

ure to meet this burden necessitates a modification of the automatic stay. See House Report No. 95–595, 95th Cong., 1st Sess. (1977) 388–40 U.S.Code Cong. & Admin.News, 1978, § 5787, 11 U.S.C. § 362(d)(1)."

The Debtors have failed to sustain their burden of proof on any issue required of them under § 362(g), and therefore I am left with no recourse other than to terminate the automatic stay.

IT IS ORDERED the motion of Glacier National Bank for relief from the provisions of Section 362 of Title 11 is granted in all parts.