In re Robert Laverne EHRICH.

Bankruptcy No. 585–00119.

United States Bankruptcy Court,
D. South Dakota, W.D.

March 31, 1989.

James P. Hurley, Rapid City, S.D., for debtor.

Randall Hodge, Rapid City, S.D., for creditor, Farm Credit Bank of Omaha.

IRVIN N. HOYT, Chief Judge.

The issue in this case is whether in a Section 506(a) hearing the real estate securing a claim should be valued as ranch land, the debtor-in-possession's present use, or whether it should be valued as subdivisable land where the creditor can prove that the land is viable for this purpose?

I limit the scope of this decision to the above legal issue. The question of whether a portion of the Ehrich land has a use more valuable than its present use is a factual question to be determined at the valuation hearing.

There apparently is little published authority on this legal issue. The debtor's best authority for valuing the land for its agricultural use only is *In re Foster*, 79 B.R. 906 (Bkrtcy.D.M.1987), an excerpt from 3 *Collier on Bankruptcy* para. 506.-04 at 506–27 (15th ed. 1989), and a portion of the language of the statute itself.

*Foster*

In *Foster* the debtors owned agricultural land and platted residential building sites. The value of the land being used for agricultural purposes was at issue. The Court held that two of its earlier decisions, *In re Robinson Ranch, Inc.*, 75 B.R. 606 (Bkrtcy.D.Mont.1987) and *In re Cormier*, 75 B.R. 692 (Bkrtcy.D.Mont.1987)

> stand for the proposition that under section 506(a), the debtors proposed use of the property should be utilized by the appraiser, rather than speculating on uses different from those proposed in the plan. That proposition is crucial in this case because appraisals of the [creditors] adopt the 'highest and best use' as the market value in fixing valuation based on subdivided tracks or rural homesites rather than agricultural use.

79 B.R. at 908.

The case does not necessarily support the debtor's position. It appears the court held that land will not be valued at an allegedly more valuable use than the debtor's present use, when the suitability for the higher use is only speculative. Furthermore, reading the case as prohibiting valuing land as anything but agricultural land, despite its greater value for other uses, contradicts statements by the same bankruptcy Judge in *Robinson, Cormier, Foster* itself, and the subsequent *In re Cool*, 81 B.R. 614 (Bkrtcy.D.Mont.1987) case. In these cases Judge Peterson held land should be valued at its "fair market value." He apparently adopted a creditor appraiser's expansion of the term "fair market

value" to include "that the buyer should be knowledgeable of all uses and purposes for which the property is adopted and for which it was or is capable of use." *Robinson*, 75 B.R. at 609; *Cool*, 81 B.R. at 616. It appears then that Judge Peterson recognized in the above quoted excerpt that land should be valued at its highest use, if the property's value for such a use is not mere speculation.

*The Statute and Collier's Interpretation*

The Supreme Court very recently laid to rest a division among the courts regarding interpretation of Section 506(b), the code provision immediately following the one presently in question. *United States v. Ron Pair Enterprises, Inc.*, —— U.S. ——, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In *Ron Pair Enterprises* the Court restated the familiar maxim that resolving statutory interpretation disputes "begins where all such inquiries must begin: with the language of the statute itself." *Id.* at ——, 109 S.Ct. at 1030. Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.*, citing *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). The Court found the language of Section 506(b) to plainly provide for post-petition interest for claims secured by nonconsensual liens.

The debtors would have this Court conclude that the language of Section 506(a) is equally plain. The second sentence of this provision provides that "such value shall be determined in light of the purpose of the valuation and the proposed disposition or use of such property ..." *Collier*, at one point, interprets this "in light of ... the proposed ... use" language consistently with the debtor's reading: "The proposed use will, of course, depend upon the circumstances, but will generally be a use for which the property is intended or designed (and for which it was originally acquired by the debtor)." *Id.* at 506–27, –28.

The statute is not so facially clear that the debtor's reading can be accepted carte blanche. In the sentence prior to the language on which debtor's rely, Section 506(a) provides that a secured creditor holds "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...." In other words, it is the creditor's interest in the estate's property which is being valued. *E.g.*, J. Queenan, Jr. *Standards for Valuation of Security Interest in Chapter 11*, 92 Comm.L.J. 18 (1987). The creditor's interest is a security interest. The value of a security interest is what would be received upon the sale of the collateral, minus costs of sale. Such a sale presumably would bring that price attributable to the land's most valuable use.

*Collier's* reading of the statute has been criticized. *Id.* at 35–37. It is Judge Queenan's opinion that the language "in light of ... the proposed ... use" does not require that the collateral be valued at its worth to the debtor. These words instead refer to the context necessitating the valuation, such as automatic stay litigation or determining secured claims for plan treatment. *Id.* at 37–38, citing S.Rep. No. 989, 95th Cong., Second Sess. 90 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. "Thus it seems likely that the reference in Section 506(a) to purpose and disposition or use was intended merely to make it clear that a valuation in one setting would not be binding upon a valuation in another." *Id.* at 38. Actually, *Collier's* interpretation is qualified by the word "generally," and is not necessarily conflicting with the view taken in this decision.

The Supreme Court in *Ron Pair Enterprises* stated that one reason the statute in that case was taken at face value was because such a reading did not "conflict with any other section of the Code." *Id.* at ——, 109 S.Ct. at 1031. I believe the debtor's reading of Section 506(a) fundamentally conflicts with an important and closely related provision of the Code.

Section 1129(a)(7), the best interests of the creditor's test, provides that each impaired class under a Chapter 11 plan must accept the plan or receive "property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter

**392**

7. . . ." *Compare* §§ 1225(a)(4) and 1325(a)(4), the corresponding provisions in Chapters 12 and 13, which apply only to unsecured claims.

In chapter 7 the collateral would be liquidated, and the creditor clearly would receive the highest and best use value of the property, minus liquidation expenses. For example, a trustee's sale would not be limited to those purchasers who intend to continue the debtor's use of the property. In chapter 11, therefore, valuing the land at its worth under the debtor's use, when it is more valuable for another use, would violate the best interest of the creditor's test.

I hold that in a Section 506(a) hearing the real estate securing the claim of a creditor should be valued at its highest and best use where the creditor can prove that the land is more valuable for a purpose other than the debtor's present use, and that such proposed use is not speculative, but rather affects the property's present fair market value.

This decision shall constitute the Court's conclusions of law. Findings of fact are not required on purely legal issues. The Court shall enter an appropriate order. This matter constitutes a core proceeding under 28 U.S.C. Section 157(b)(2).

### ORDER

Pursuant to the letter memorandum executed this same date

IT IS HEREBY ORDERED that for 11 U.S.C. Section 506(a) purposes, the real estate securing the debt of the Farm Credit Bank of Omaha shall be valued in the forthcoming Section 506(a) hearing so as to include any non-agricultural use factors which affect the fair market value of the land at the time of confirmation.

Dated this 31st day of March, 1989.